**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Netrition Incorporated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Tyler's Coffee LLC,<br><br>　　　　　　Defendant. | No. CV-23-00363-TUC-AMM<br><br>**ORDER** |

　　　　Pending before the Court are Plaintiff Netrition Incorporated's Motion to Amend Scheduling Order (Doc. 34) and Motion for Additional Discovery (Doc. 35). Also pending is Defendant Tyler's Coffee LLC's Motion for Summary Judgment. (Doc. 28.) On January 22, 2025, the Court held oral argument on Plaintiff's motions. For the following reasons, the Court will grant Plaintiff's Motion to Amend Scheduling Order and Motion for Additional Discovery, and it will deny without prejudice Defendant's Motion for Summary Judgment.

**I.　　Factual Background**

　　　　Plaintiff Netrition, Inc., d/b/a Alex's Low Acid Organic Coffee filed this suit in Pima County Superior Court alleging that Defendant Tyler's Coffee, LLC violated the Lanham Act, 15 U.S.C. § 1125, by falsely advertising its coffee as "acid free." (Doc. 1-3 at 6.) Plaintiff also raises an unfair competition claim. (*Id.* at 6–7.)

　　　　Both companies sell various coffee products nationwide. (Doc. 9 at 2.) Defendant advertises its coffee as "acid free," the "World's First Acid Free Coffee," and the "World's

FIRST and ONLY Acid Free Coffee." (*Id.* at 3.) Plaintiff asserts that all coffee contains acid and Defendant's false advertising misleads consumers. (*Id.* at 2–3, 6.) Plaintiff further alleges that Defendant's claims are "literally false" because Vanguard Laboratories issued a report in January 2022 finding Defendant's products contain acid. (*Id.* at 3.) Plaintiff seeks a preliminary and permanent injunction and damages. (*Id.* at 7–8.)

On August 2, 2023, Defendant removed to federal court. (Doc. 1.) The Court's Scheduling Order set the discovery deadline for July 5, 2024. (Doc. 19 at 2.) On August 8, 2024, Plaintiff's former counsel, Briana Ortega, filed an Ex Parte Motion to Withdraw as Attorney. (Doc. 25.) The motion was sparse and included a proposed order for the wrong court in the wrong case. (*Id.*) Defendant did not oppose the motion but opposed any extension of the deadlines because, it argued, "Plaintiff has taken no actions in this case to prosecute its case. It has not served any discovery. It has not taken any depositions. It has not retained any experts. It has not produced any documents that are germane to any of the facts that Plaintiff would need to establish for its claim." (Doc. 26 at 1.) On August 12, 2024, the Court denied the motion because Ms. Ortega did not articulate a factual basis for withdrawal as required by the Local Rules. (Doc. 27.) Ms. Ortega did not file an amended motion.

On September 9, 2024, Defendant filed a Motion for Summary Judgment arguing that Plaintiff has not met its burden of showing a genuine issue of material fact exists as to two of the elements of a false advertising claim: injury and materiality. (Doc. 28.) Defendant argues that because Plaintiff did not engage in discovery, Plaintiff failed to produce any evidence that it was proximately injured by Defendant's alleged false advertising or that Defendant's alleged false claims were material (i.e., likely to influence purchasing decisions). (*Id.* at 4, 10.)

On September 13, 2024, Plaintiff's new counsel, Grant H. Frazier and Seraphim D. Sparrow of Frazier Law, PLLC, filed an Ex Parte Application and Stipulation for Substitution of Counsel. (Doc. 30.) The stipulation explained that Ms. Ortega told Plaintiff that she sent discovery requests and was going to schedule depositions when she had not

conducted any discovery. (*Id.* at 2–5.) It further detailed how Ms. Ortega stopped responding to repeated requests for updates and eventually informed Plaintiff that she was going to withdraw from the case and report herself to the State Bar of Arizona for ethical violations. (*Id.*) The stipulation included several emails between Plaintiff and Ms. Ortega substantiating these allegations. (Docs. 30-1–30-6.) On September 19, 2024, the Court granted the stipulation, substituting new counsel and ordering Ms. Ortega to produce Plaintiff's client file by September 30, 2024 to allow Plaintiff time to respond to Defendant's Motion for Summary Judgment by October 30, 2024. (Doc. 31.) Plaintiff averred at oral argument that Ms. Ortega never produced the client file.

On October 11, 2024, Plaintiff filed a Motion to Amend Scheduling Order (Doc. 34) and a Motion for Additional Discovery (Doc. 35) arguing that Ms. Ortega abandoned Plaintiff and failed to engage in discovery, thereby impeding Plaintiff's ability to properly oppose summary judgment. Defendant opposes both motions. (Docs. 36–37.) Plaintiff did not reply.

On October 30, 2024, Plaintiff responded to the Motion for Summary Judgment but averred it needed a ruling on the Motion to Amend Scheduling Order and Motion for Additional Discovery to properly respond. (Doc. 38 at 2.) The response was a "precaution to assert currently available arguments[,]" specifically that Plaintiff need not show evidence of injury or materiality when seeking injunctive relief if Defendant's advertising is factually false. (*Id.*)

**II.  Plaintiff's Motion to Amend Scheduling Order**

Plaintiff seeks to amend the Scheduling Order because good cause exists due to Ms. Ortega's gross negligence. (Doc. 34 at 5.) Plaintiff asks to reopen the deadlines for expert witnesses, discovery, dispositive motions, and the Joint Proposed Pretrial Order. (Doc. 34-7.) It argues that it acted diligently in communicating with Ms. Ortega—and ultimately in retaining new counsel—and reasonably relied upon her misrepresentations that discovery was proceeding when in fact she had not worked on the case since initial disclosures. (Doc. 34 at 1, 5, 7–8.) Plaintiff asserts that it should not be held accountable for Ms. Ortega's

- 3 -

"gross negligence or abandonment." (*Id.* at 7 (quoting *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 674 (C.D. Cal. 2003)).) Plaintiff also emphasizes the Federal Rules of Civil Procedure's policy favoring decisions on the merits, arguing that denying the motion would unjustly punish Plaintiff for its previous counsel's misconduct. (*Id.* at 8–9.) Plaintiff asserts that it cannot appropriately respond to Defendant's Motion for Summary Judgment without additional discovery. (*Id.*)

Defendant opposes reopening the deadlines in the Scheduling Order. (Doc. 37.) According to Defendant, Plaintiff lacked diligence because it should have been obvious from the minimal billing that Ms. Ortega abandoned the case during discovery. (*Id.* at 7–11.) Furthermore, Defendant argues, a "diligent and reasonable party[] would have asked the attorney to provide proof of discovery requests being drafted and responses provided, proof of deposition notices, proof of lists of names of potential deposition witnesses, proof of documents being provided by the other side, and proof of settlement communications . . . ." (*Id.* at 6.) It asserts that Plaintiff is accountable for Ms. Ortega's failures and, therefore, should not be permitted to reopen discovery. (*Id.* at 10–11.)

### a. Standard of Review

Although generally, a scheduling order may be "modified only for good cause[,]" Fed. R. Civ. P. 16(b)(4), an extension of a deadline sought after its expiration requires a showing of "excusable neglect,"[1] Fed. R. Civ. P. 6(b)(1)(B); *see also Hernandez v. Maricopa Cnty.*, No. CV-07-272-PHX-JAT, 2009 WL 77647, at *1 (D. Ariz. Jan. 12, 2009) ("[E]xcusable neglect is the standard that must be met by the parties to receive an extension of an expired deadline."). "[I]t is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (footnotes and citations omitted). Rather, "[e]xcusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is

---

[1] Neither party argued whether there is excusable neglect, focusing instead of whether good cause exists for amendment. However, because Plaintiff's Motion to Amend Scheduling Order was not filed until October 11, 2024, the excusable neglect standard applies to all deadlines apart from the deadline for dispositive motions. (*See* Doc. 19.)

attributable to negligence,' and includes 'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1182, 1192 (9th Cir. 2009) (citation omitted) (quoting *Pioneer*, 507 U.S. at 388, 394).

"[A] client is ordinarily chargeable with his counsel's negligent acts." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1169 (9th Cir. 2002). However, a client is not accountable for the attorney's gross negligence, including abandonment. *Id.* at 1169–71 (holding that the district court properly withdrew default judgment because the attorney was grossly negligent when he "virtually abandoned" his client by failing to work on the case while representing to the client that the case was proceeding properly); *Kasem v. Catholic Health Initiatives*, 334 F.R.D. 315, 320 (W.D. Wash. 2019) ("That exception is triggered when the client is 'virtually abandoned' resulting in a decision based on a failure to comply, such as default or dismissal for failure to adhere to court orders.").

There are four factors that determine whether neglect is excusable: (i) the danger of prejudice to the opposing party; (ii) the length of the delay and its potential impact on the proceedings; (iii) the reason for the delay; and (iv) whether the movant acted in good faith. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* (quoting *Pioneer*, 507 U.S. at 395); *see also Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (it is within a court's discretion to determine whether excusable neglect exists). Like all the Federal Rules of Civil Procedure, Rule 6(b) "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahancian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1259 (9th Cir. 2010); *see also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (the strong policy underlying the Federal Rules of Civil Procedure favors decisions on the merits).

### b. Analysis

Here, Plaintiff has demonstrated that its failure to comply with the deadlines in the Scheduling Order is excusable neglect that warrants amendment. Specifically, Plaintiff has

shown that Ms. Ortega virtually abandoned the case and Plaintiff reasonably relied on her misrepresentations that discovery was proceeding. The Court appreciates Defendant's argument that paltry billing should have alerted Plaintiff to possible abandonment. It nevertheless concludes that Plaintiff acted in good faith when he consistently attempted to contact Ms. Ortega and when he eventually retained new counsel who promptly sought to remedy the situation. The Court emphasizes that Ms. Ortega reassured Plaintiff that discovery was ongoing more than once during the discovery period and that she continued to email Plaintiff—albeit sporadically—until August 2024. (Doc. 34-2–34-5.)

The Court recognizes that reopening discovery poses a risk of prejudice to Defendant. As Defendant explained at oral argument, it believed the case was already ending and amending the scheduling order would represent a financial and emotional burden. However, this risk does not outweigh the importance of allowing the parties to meaningfully engage in discovery and present the merits of the case as the rules intend. Furthermore, Defendant's Motion for Summary Judgment is based, in large part, on the fact that Plaintiff did not engage in discovery. Allowing discovery to reopen could potentially resolve the issues raised in the motion.

Accordingly, the Court will grant Plaintiff's Motion to Amend Scheduling Order.

### III. Plaintiff's Motion for Additional Discovery

Plaintiff also asks the Court to delay its decision on Defendant's Motion for Summary Judgment to allow additional discovery pursuant to Federal Rule of Civil Procedure 56(d). (Doc. 35.) Specifically, Plaintiff seeks additional time to produce expert reports and materials relating to Vanguard Laboratories. (*Id.* at 1, 5–6.) Plaintiff asserts that Ms. Ortega disclosed a Report of Laboratory Analysis by Vanguard Laboratories containing test results from January 26, 2022 that found acid present in Defendant's coffee. (*Id.* at 5.) Ms. Ortega also disclosed the name and contact information for the chemist and operations manager at Vanguard Laboratories. (*Id.*) Plaintiff explains, however, that Ms. Ortega did not disclose the information required by Rule 26(a)(2)(B) and therefore Plaintiff cannot establish the admissibility of this expert report and properly oppose Defendant's

Motion for Summary Judgment. (*Id.* at 5–7.) Ms. Ortega did not disclose:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Plaintiff avers to this information in an affidavit attached to the motion. (Doc. 35-1.)

Defendant opposes additional discovery, reiterating its argument that Plaintiff lacked diligence and is accountable for Ms. Ortega's failure to properly engage in discovery. (Doc. 36 at 2–3, 8–10.) Defendant further argues that the discovery Plaintiff seeks is not essential to oppose Defendant's bases for summary judgment because the testing is not relevant to causal injury or consumer materiality. (*Id.* at 10.)

### a. Standard of Review

Under Federal Rule of Civil Procedure 56(d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to the pending motion for summary judgment], the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "A party requesting a continuance pursuant to Rule 56(d) therefore must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after

- 7 -

facts are 'essential' to resist the summary judgment motion." *Stuart v. City of Scottsdale*, No. CV-20-00755-PHX-JAT, 2021 WL 75830, at *3 (D. Ariz. Jan. 8, 2021).

To establish a false advertising claim under the Lanham Act, a plaintiff must prove the following elements: "(1) [the defendant] made a false statement of fact in a commercial advertisement; (2) the statement deceived or had the tendency to deceive a substantial segment of its audience; (3) the deception was material, in that it was likely to influence the purchasing decision; (4) the false statement entered interstate commerce; and (5) [the plaintiff] has been or is likely to be injured as a result of the false statement." *Engima Software Grp. USA, LLC v. Malwarebytes, Inc.*, 69 F.4th 665, 671 (9th Cir. 2023) (citing *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997)).

However, "a competitor need not prove injury when suing to enjoin conduct that violates [the Lanham Act]." *Southland Sod Farms*, 108 F.3d at 1145 (quoting *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 210 (9th Cir. 1989)). "[E]ven if [Plaintiff] had failed to raise a triable issue as to causation and injury, [its] Lanham Act claim would still be viable to the extent it sought an injunction." *Id.* at 1145–46. Furthermore, "[w]hen an advertisement is shown to be literally or facially false, consumer deception is presumed, and the court may grant relief without reference to the advertisement's actual impact on the buying public." *FLIR Sys., Inc. v. Sierra Media, Inc.*, 903 F. Supp. 2d 1120, 1129 (D. Or. 2012) (quoting *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 157 (2d Cir. 2007)); *Chaverri v. Platinum LED Lights LLC*, No. CV-21-01700-PHX-SPL, 2022 WL 2275664, at *5 (D. Ariz. June 22, 2022) ("[S]ome courts in this Circuit have presumed both consumer deception and materiality when a statement is literally false.") (collecting cases).

**b. Analysis**

Here, Plaintiff provided an affidavit identifying the specific information sought and averring it exists but simply was not provided by Ms. Ortega. (Doc. 35-1 at 3.) Plaintiff also asserts that the Rule 26(a)(2)(B) information is essential to opposing summary judgment to the extent it permits Plaintiff to show that Defendant's acid-free claims are

literally false, which may affect Plaintiff's burden to show injury and materiality. (Doc. 35 at 7.) In its Motion for Summary Judgment and at oral argument, Defendant argued Plaintiff will still need to show injury because Defendant is not in direct competition in the market with Plaintiff. (*See* Doc. 28 at 8 n.1.) To the extent Defendant wants the Court to consider this argument again on a renewed motion for summary judgment after the close of discovery, it may raise it at that time.

Accordingly, the Court will grant Plaintiff's Motion for Additional Discovery and deny Defendant's Motion for Summary Judgment without prejudice.

### IV.   Conclusion

For the foregoing reasons,

**IT IS ORDERED**:

(1) Plaintiff's Motion to Amend Scheduling Order is **GRANTED**. (Doc. 34.)

(2) Plaintiff's Motion for Additional Discovery is **GRANTED**. (Doc. 35.)

(3) Defendant's Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE.** (Doc. 28.)

(4) Plaintiff shall disclose all expert witnesses, exhibits, and other Rule 26(a)(2) matters on or before **Friday, April 4, 2025**. Defendant shall disclose all expert witnesses, exhibits, and other Rule 26(a)(2) matters on or before **Friday, May 2, 2025.** All rebuttal expert opinions shall be disclosed on or before **Friday, May 30, 2025.** Rebuttal experts shall be limited to responding to opinions stated by initial experts. All other witnesses shall be disclosed on or before **Friday, April 4, 2025.**

(5) All discovery, including answers to interrogatories, production of documents, depositions, and requests for admissions, shall be completed by all parties no later than **Friday, June 13, 2025.** Written discovery must be served sufficiently in advance of this deadline to allow time for the opposing party to answer and for the requesting party to complete any additional discovery made necessary by the answers.

a. Pursuant to Rule 5.2 of the Local Rules of Practice of the United States District Court for the District of Arizona ("LRCiv"), the parties shall file a Notice of Service of discovery papers with the Clerk of the Court, rather than copies of actual disclosures.

b. Discovery shall be governed by the limitations set forth in the Federal Rules of Civil Procedure. Leave of Court is required for any divergence from the Federal Rules.

c. Notwithstanding LRCiv 7.3, the parties may mutually agree in writing, without the Court's approval, to extend the time provided for discovery responses in Fed. R. Civ. P. 33, 34, and 36, but such agreed-upon extensions shall not alter or extend the deadlines set forth in this Order.

d. The parties shall **not** file written discovery motions without leave of the Court. In the event of a discovery dispute, the parties must personally consult regarding the dispute and must make a sincere effort to resolve the conflict expeditiously. *See* LRCiv 7.2(j). If a discovery dispute cannot be resolved despite the parties' sincere efforts, counsel for the parties should notify the Court by **jointly** calling the Judge's Law Clerk at (520) 205-4590. The parties should provide a brief summary of the nature of the dispute and their respective positions. Depending upon the nature of the dispute, the Court may set a conference, order written briefing or a discovery motion, or decide the dispute without conference, briefing, or a motion. Any discovery motion shall comply with LRCiv 7.2(j). Absent extraordinary circumstances, the Court will not entertain discovery disputes after the discovery deadline. Delay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines.

e. The parties and counsel are reminded of their duty under Fed. R. Civ. P. 26(e) to supplement all Rule 26(a) disclosures and responses to discovery requests.

(6) Dispositive motions shall be filed on or before **Friday, July 11, 2025**. All motions, memoranda, and pleadings submitted for the Court's review and decision must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules. The parties are advised to pay particular attention to LRCiv 7.2 and 56.1. Non-compliance with the Local Rules or failure to timely file required answering memoranda may result in the summary disposition of a motion pursuant to LRCiv 7.2(i).

    a. Absent leave of Court, each party shall file no more than one motion for summary judgment under Fed. R. Civ. P. 56.

    b. Any filing submitted with more than one exhibit must be accompanied by a Table of Contents. Exhibits must be indexed with tabs that correspond with the Table of Contents. Absent exigent circumstances, the Court will not consider pleadings which do not conform to these requirements.

    c. The parties shall provide to the Court a **bound hard copy** of **any** motions to dismiss, motions for summary judgment, motions for temporary restraining orders, sealed documents, **and any responses and replies thereto**. This applies to all attachments, appendices, and indices that are included with a motion filed with the Court. If the hard copy contains multiple documents, each document shall be individually tabbed. **Hard copies must be printed directly from ECF** to ensure that the ECF pagination is included in the Court's copy for ease of reference. *See* Electronic Administrative Policies and Procedures Manual § II(D)(3).

(7) The parties are encouraged to discuss settlement at all times during the pendency of this litigation. The Court will set a settlement conference before a Magistrate Judge upon request of the parties. Counsel shall file a brief Joint Settlement Status Report (containing no specific settlement terms or offers) on or before **Friday, May 30, 2025**, and every **90 days** thereafter. The parties shall promptly

notify the Court if settlement is reached during the course of this litigation.

(8) A Joint Proposed Pretrial Order shall be filed within **thirty (30) days** after resolution of dispositive motions. If no such motions are filed, a Joint Proposed Pretrial Order will be due on or before **Friday, July 11, 2025**. The content of the Joint Proposed Pretrial Order shall include, but not be limited to, that prescribed in the Form of Pretrial Order attached hereto. Preparation and filing of the Joint Proposed Pretrial Order in accordance with the requirements of this Order will be deemed to satisfy the disclosure requirements of Rule 26(a)(3) of the Federal Rules of Civil Procedure. The parties must exchange drafts of the Joint Proposed Pretrial Order at least **fourteen (14) days before the submission deadline.** Plaintiff(s) must initiate communications concerning the Joint Proposed Pretrial Order.

   a. **Motions in limine** shall be filed no later than **30 days before trial**. Responses to motions in limine are due ten days after the motion in limine is filed. No replies are permitted. Any hearing on motions in limine will be set at the Pretrial Conference. Unless otherwise ordered by the Court, motions in limine and responses to motions in limine shall not exceed five (5) pages. Each motion must be accompanied by a proposed order. LRCiv 7.1(b)(2). The parties must email courtesy copies of each proposed order in Word format to Chambers (martinez_chambers@azd.uscourts.gov) on the same day that the motion is filed. *See* LRCiv 7.1(b)(3).

   b. **The parties must meet and confer prior to the filing of a motion in limine to determine whether it can be avoided**. Motions in limine must be accompanied by a **notice of certification of conferral** indicating the parties have conferred to determine whether a motion in limine can be resolved through agreement and have been unable to agree on a resolution of the motion. *See* LRCiv 7.2(l). Motions in limine that do not contain the

required certification may be stricken by the Court.

c. Pursuant to Federal Rule of Civil Procedure 37(c), the Court will not allow the parties to offer any exhibit, witness, or other evidence that was not (a) disclosed in accordance with the provisions of this Order and the Federal Rules of Civil Procedure, and (b) listed in the Joint Proposed Pretrial Order, unless the offering party can show good cause as to why such party failed to comply with these requirements.

d. The parties must exchange exhibits to be used at trial at least **fourteen (14) days** before the submission deadline for the Joint Proposed Pretrial Order. Any exhibit not marked and exchanged at this meeting may be precluded at trial. The exhibits must be numbered and marked in accordance with the instructions found at www.azd.uscourts.gov under "Judges' Information/Orders, Forms & Procedures/Standard Procedures Used by All Tucson Judges." The exhibit numbers must correspond to exhibit numbers listed in the Joint Proposed Pretrial Order.

(9) The Court will set a date for the Final Pretrial Conference upon the filing of the Joint Proposed Pretrial Order, and the Trial Date in this matter will be set at the Final Pretrial Conference.

Dated this 11th day of February, 2025.

Honorable Angela M. Martinez
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| XXXX, | No. CV-XX-XXXXX-TUC-AMM |
| Plaintiff(s), | **[Joint Proposed Pretrial Order]** |
| v. | |
| XXXX, | |
| Defendant(s). | |

Pursuant to the Court's Scheduling Order, the following Joint Proposed Pretrial Order reflects the agreement of the parties and shall, upon approval, be incorporated into the Final Pretrial Order:

**I.    IDENTIFICATION OF PARTIES AND COUNSEL**

**II.   NATURE OF ACTION**

Provide a concise statement of the case, including the cause(s) of action and the relief sought.

**III.  STATEMENT OF JURISDICTION**

State all claims in this matter and cite the statutes that give this Court jurisdiction over each claim.

**IV.   PARTIES' CONTENTIONS**

The party having the burden of proof shall list the elements or standards that must be proven with respect to each count of the complaint, counterclaim, or cross claim, and with respect to any defense, affirmative defense, or rebuttal of a presumption where the

burden of proof has shifted.

## V. STIPULATIONS AND UNCONTESTED FACTS

Identify any stipulations that the parties have reached and any facts that the parties do not contest.

## VI. CONTESTED ISSUES OF FACT

The parties must list the issues of fact to be tried and determined at trial. State each issue of fact separately and in specific terms, followed by each party's contentions as to each issue.

## VII. CONTESTED ISSUES OF LAW

The parties must list the issues of law to be tried and determine at trial. State each issue of fact separately and in specific terms, followed by each party's contentions as to each issue.

## VIII. LIST OF WITNESSES

Each party shall provide a list of witnesses that the party intends to call at trial. As to each witness, identify whether he or she is a fact witness or expert witness. Include a brief statement of the expected testimony of any expert witness.

The parties must include the following text in this section of the Joint Proposed Pretrial Order: "Each party understands that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed. Each party further understands that any witness a party wishes to call shall be listed on that party's list of witnesses; the party cannot rely on the witness having been listed or subpoenaed by another party."

## IX. LIST OF EXHIBITS

Each party must provide a list of numbered exhibits. For each exhibit, the party shall include a description that contains sufficient information to identify and distinguish the exhibit. An annotation of either "UNCONTESTED" or "CONTESTED" must follow each listed exhibit. If the exhibit is contested, the party offering the exhibit must include a brief statement of the opposing party's objection. The parties must mark all exhibits according to the instructions that the Court will provide approximately two weeks prior to trial. An

example of a list of exhibits is as follows: 1. Laboratory Report from the Clinical Immunology Diagnostic Laboratory dated 6/15/14. CONTESTED by \*\*\* for relevance, foundation, and hearsay.

The parties shall include the following text in this section of the Joint Proposed Pretrial Order: "Each party hereby acknowledges by signing this Joint Proposed Pretrial Order that any objections not specifically raised herein are waived."

## X.   LIST OF DEPOSITIONS

A party intending to introduce portions of depositions at trial must list such portions and include the page number(s) and line number(s). An annotation of either "UNCONTESTED" or "CONTESTED" must follow each identified portion of each listed deposition. If the deposition portion is contested, the party offering the deposition must include a brief statement of the opposing party's objection.

The parties shall include the following text in this section of the Joint Proposed Pretrial Order: "Each party hereby acknowledges by signing this Joint Proposed Pretrial Order that any deposition not listed as provided herein will not be permitted at trial absent good cause."

## XI.   JURY TRIAL OR BENCH TRIAL

Indicate whether the parties are proceeding with a jury trial or a bench trial.

## XII.   PROBABLE LENGTH OF TRIAL

Each party shall identify the estimated length of time it will take to present its case at trial.

## XIII.   ADDITIONAL INFORMATION THAT MAY BE HELPFUL TO THE COURT

A.   <u>Pending Motions</u>: Identify all motions that remain pending on the docket as of the date of this Joint Proposed Pretrial Order.

B.   Include any other information that may be helpful to the Court.

## XIV.   INFORMATION FOR COURT REPORTER

In order to facilitate the creation of an accurate record, please file a "Notice to Court

Reporter" **one week before trial** containing the following information that may be used at trial:

1. Proper names, including those of witnesses;
2. Acronyms;
3. Geographic locations;
4. Technical (including medical) terms, names, or jargon;
5. Case names and citations; and
6. Pronunciation of unusual or difficult words or names.

In addition, please send (or transmit electronically) to the court reporter a copy of the concordance from key depositions.

**XV.  CERTIFICATION**

Undersigned counsel for each of the parties in this action do hereby approve and certify:

1. All discovery has been completed.
2. The identity of each witness has been disclosed to opposing counsel.
3. Each exhibit listed herein: (a) is in existence; (b) is numbered; and (c) has been disclosed and shown to opposing counsel.
4. All other form and content of this Joint Proposed Pretrial Order.

**XVI. ADOPTION**

The Court may adopt this Joint Proposed Pretrial Order at the Final Pretrial Conference or at a subsequent hearing.

_____          _____
Attorney for Plaintiff                                    Attorney for Defendant